In the Interest of D.E.D., D.D.,
and J.L.D., Children.

J.D., Mother, and D.E.J.,
Father, Appellants.

No. 90–1398.

Court of Appeals of Iowa.

Aug. 27, 1991.

Scot M. Halverson, Leon, for appellant mother.

Bruce L. Cook of Cook, Gotsdiner, McEnroe & McCarthy, Des Moines, for appellant father.

Bonnie J. Campbell, Atty. Gen.; Gordon E. Allen, Deputy Atty. Gen.; and Judy Sheirbon, Asst. Atty. Gen., for appellee State.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This is an appeal from a trial court's decision terminating the parental rights of three young children. The children have the same mother and three different fathers. The mother contends her parental rights should not have been terminated. We affirm on her appeal. The only father who appeals is the father of D.D., the middle child. We review de novo. Iowa R.App. P. 4. We reverse the order terminating his parental rights. We remand to the trial court for further proceedings consistent with this opinion.

The two older children, a girl born in March 1984, and a boy born in September 1987, were in their mother's custody when they were placed in foster care. The foster care placement was necessary because the mother had serious parenting deficiencies as a result of alcohol and drug dependency. The oldest child entered foster care in August 1987, and the second child entered foster care in December 1988. The third child suffered problems at birth as a result of her mother's ingestion of cocaine during pregnancy. This child was placed in foster care immediately following her birth in October 1989.

The two older children have been in the care of an aunt, their mother's sister, since March 1989. The aunt has satisfactorily cared for the children with the help of a roommate. The aunt intends to adopt the two older children. The youngest child has been separated from her half-siblings and lives in a second foster home. Her foster parents wish to adopt her.

The mother, on appeal, contends (1) even though her substance abuse problem has not been terminated, there is a prospect it will be, and her parental rights should not be terminated; (2) because two of the three children are with her sister, her parental rights should not be terminated; and (3) the parental rights of the three fathers were improperly terminated, consequently, her parental rights should not be terminated.

■ The mother's substance abuse problem did not begin until 1988. The evidence establishes she was an adequate parent prior to that time. She admittedly had not corrected her problem at the time of the termination hearing, and was not able to assume custody of the children.

The mother's substance abuse problem is serious. It prevents her from exercising those parenting skills necessary to assure her children's safety. The possibility of the problem being corrected in the near future is extremely remote. The State has met its burden of showing by clear and convincing evidence these children cannot be returned to their mother's care. *See T.D.C.*, 336 N.W.2d 738, 744 (Iowa 1983).

We next address the mother's contention that parental rights should not be terminated because the children are in the custody of a close relative. A termination otherwise warranted may be avoided under Iowa Code section 232.116(3)(a) if the children are in the care of a relative.

■ We recognize there is substantial bonding between the mother and the two older children. The mother continues to have substantial contact with the children in her sister's care. The plan is to have the two older children stay with their aunt and be adopted by her. The aunt testified she does not intend to keep the children from their natural parents. Termination of the parental rights of the two older children will not change their current relationship with their parents. However, any relationship between the older children and their younger half-sister will be severed. We recognize there are cases where children in the care of relatives should not have their parental rights terminated, even when grounds for termination exist. In this case, however, we defer to the decision of the trial judge who is closer and more able to observe the parties and the actual family dynamics. *See generally, In re R.M.*, 431 N.W.2d 196, 199 (Iowa App.1988). We reject the mother's argument on these grounds.

■ The mother's last contention is her parental rights should not be terminated because the court should not have terminated the parental rights of the three fathers who are all incarcerated. The dic-

tates of Iowa Code section 232.133(1) allow a natural mother to challenge an order terminating or not terminating a natural father's parental rights. However, we disagree with the natural mother's argument that this section empowers her to challenge the termination of a father's parental rights after it has been determined there is clear and convincing evidence to support the termination of the mother's parental rights, and her parental rights have been terminated. We reject the natural mother's challenges to the termination of the natural fathers' parental rights. We affirm the termination of the mother's parental rights.

We next address the claim of D.E.J., the father of the middle child D.D. He contends his parental rights should not have been terminated. D.E.J. has been incarcerated since the child's birth. He was incarcerated at the time of the termination hearing. Prior to being incarcerated, he suffered from a substance abuse problem. He contends, with the assistance of programs available through the facility where he is located, he has corrected this problem. In the facility he has taken a parenting course, and at the time of trial was assisting with the teaching of a parenting course available through the prison system. He has made a series of contacts with his child. He has attempted a series of contacts that were thwarted. The child visited him in prison one time. There was some indication at the time of trial he would be released shortly to a halfway house. He claimed to be engaged to a woman with children who could assist in parenting.

 The State sought to terminate his parental rights under abandonment as defined in Iowa Code section 232.116(1)(b). The trial court ultimately concluded the State did not prove the elements necessary to terminate his parental rights under this section. We agree.

During trial, the State made an oral motion to add a new ground under which to terminate his parental rights. Over objection by the attorney for this father, and the attorney for the mother, the trial court

allowed the amendment. The amendment made by the State was:

That the parental rights of D.J. with respect to D.E.D. should be permanently terminated within the meaning of section 232.116(1)(g) of the 1989 Code of Iowa as amended in that (1) D.E.D. is a child three years of age or younger, (b) that D.E.D. has been adjudicated to be a child in need of assistance pursuant to Section 232.96, (c) that custody of D.E.D. has been transferred for placement pursuant to Section 232.102 at least six months, and (d) there is clear and convincing evidence that D.E.D. cannot be returned to the custody of his father, D.J., pursuant to Section 232.102 at the present time.

And those would be the * * * amendments that I would offer to the Court at this time and urge the Court to allow under Iowa Rule of Civil Procedure 88.

The father contends the trial court abused its discretion in allowing the motion. We find the trial court did abuse its discretion in allowing the amendment. However, we do not agree with the parties the scope of review on this issue is for an abuse of discretion. Rather, the question is whether the father's due process rights were protected when the trial court allowed the State to interject a new ground for termination of parental rights during the trial.

 The parent-child relationship is constitutionally protected. *Quilloin v. Walcott,* 434 U.S. 246, 255, 98 S.Ct. 549, 554, 54 L.Ed.2d 511 (1978); *Wisconsin v. Yoder,* 406 U.S. 205, 233, 92 S.Ct. 1526, 1542, 32 L.Ed.2d 15 (1972). The State has the right to terminate the legal relationship between a parent and a child, but the constitution limits its power to do so. *Id.* The State must meet due process requirements in a termination of parental rights procedure. *See Santosky v. Kramer,* 455 U.S. 745, 753, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599 (1982). Due process requires sufficient notice of the complaint against the parent and of the time of the hearing. *See Alsager v. District Court,* 406 F.Supp. 10, 17–21 (S.D.Iowa 1975); *Davis v. Smith,* 266 Ark. 112, 583 S.W.2d 37, 42 (1979); *People v.*

*Hoehl,* 193 Colo. 557, 568 P.2d 484, 486 (1977); *State v. Joyce,* 361 So.2d 406, 407 (Fla.1978); *Woodruff v. Keale,* 64 Haw. 85, 637 P.2d 760, 767 (1981); *State v. Meinert,* 225 Kan. 816, 594 P.2d 232, 234–35 (1979); *Bowers v. State,* 38 Md.App. 21, 379 A.2d 748, 749–51 (1977); *People v. Jackson,* 140 Mich.App. 283, 364 N.W.2d 310, 312 (1985); *Linn v. Linn,* 205 Neb. 218, 286 N.W.2d 765, 769 (1980); *In re Mills,* 52 Or.App. 777, 629 P.2d 861, 864–65 (1981); *Commonwealth v. Mack,* 467 Pa. 613, 359 A.2d 770, 772 (1976); *In re K.B.,* 302 N.W.2d 410, 411 (S.D.1981); *In re D.T.,* 89 S.D. 590, 237 N.W.2d 166, 169 (1975); *In re Aschauer,* 93 Wash.2d 689, 611 P.2d 1245, 1249–50 (1980); *State v. Killory,* 73 Wis.2d 400, 243 N.W.2d 475, 479–80 (1976).

The father had no notice prior to the hearing of the grounds under which termination was decreed. Due process requirements were not met.

We vacate the order terminating D.E.J.'s parental rights and remand to the trial court to hold a hearing, after adequate notice to D.E.J., to determine whether grounds to terminate exist under the amended petition.

Abandonment involved different issues than the father's ability to assume custody of the child. We cannot, under this record, determine whether the father would have been able to assume custody. There are some general allegations he will be released from prison soon and will marry a woman able to assist him in caring for his child. He contends he has taken parenting classes and is teaching parenting classes. These things are clearly relevant to his ability to assume custody of his child. He should have had sufficient time to prepare for trial and introduce evidence on these issues. A substance abuse problem was responsible at least in part for his incarceration. He claims his substance abuse problems have been arrested. The father should have the opportunity to introduce evidence proving this point if such evidence is available.

We vacate the order terminating D.E.J.'s parental rights and remand to the trial court to hold a hearing, after adequate notice to D.E.J., to determine whether grounds to terminate his parental rights exist under the amended petition.

AFFIRMED ON MOTHER'S APPEAL; REVERSED AND REMANDED ON FATHER'S APPEAL.

OXBERGER, C.J., concurs.

HABHAB, J., concurs in part and dissents in part.

HABHAB, Judge (concurring in part, dissenting in part).

This case involves three children, a girl born in March 1984, a boy born in September 1987, and a girl born in October 1989. The children have the same mother but three different fathers.

The mother has an extensive criminal record and a long history of drug and alcohol abuse. The youngest child was exposed to cocaine in the womb and suffers from the medical and developmental consequences of such exposure. There is evidence that the oldest child was sexually abused while in the mother's care. The mother severely neglected the physical and emotional needs of the two older children when they were in her care.

The youngest child has never been in the mother's care. She was placed in foster care immediately after birth due to her prenatal cocaine exposure.

All three of the fathers have extensive criminal histories; at the time of the termination hearing two were prison inmates and the third was a prison escapee. None of the fathers has ever had a significant role in the life of his child.

The oldest child was adjudicated CINA in August 1987, and the middle child was adjudicated CINA in December 1988. Both of these children have been in foster care continuously since October 1988. Since March 1989, they have been placed with a maternal aunt. The maternal aunt hopes to adopt them if possible.

As noted above, the youngest child was placed in foster care immediately after birth due to prenatal cocaine exposure. She was adjudicated to be a child in need of

assistance shortly thereafter. She has remained in foster care all her life. She is not placed with the maternal aunt who cares for the two older children.

In April 1990, the State filed a petition to terminate the parental rights of the mother and all three fathers. After a hearing, the juvenile court did terminate their parental rights. With respect to the two older children, the juvenile court relied on Iowa Code sections 232.116(1)(e) or (1)(g). Those subsections permit termination if a child cannot safely be returned to the parents' home, after a CINA adjudication and extended foster care. With respect to the youngest child, the court relied on the ground of abandonment to terminate the father's rights and on Iowa Code section 232.116(1)(c) to terminate the mother's rights. Subsection (1)(c) permits termination if the child or a sibling has been adjudicated CINA and if the parents have failed to correct the circumstances which led to the CINA adjudication in spite of services offered or provided by the State.

The mother has appealed from the termination order. D.E.J., the father of D.D., has also appealed. The other two fathers have not appealed. The majority has affirmed the termination of the parental rights of the mother. I concur in this result. The majority has vacated the order terminating the parental rights of D.E.J., the father of D.D. I dissent as to this part of their ruling.

D.E.J., the father of D.D., challenges the sufficiency of the evidence to establish his child cannot safely be placed in his care at some time in the future. He does not argue his child should be placed in his care immediately. Instead, he argues he should be allowed to finish his current prison term and should then be allowed to demonstrate his parenting skills.

D.E.J. also alleges, as his additional issue, the juvenile court violated his due process rights by letting the State amend its termination petition during the termination hearing. The amendment dropped the ground of abandonment, originally alleged against him, and substituted a new ground for termination based on Iowa Code section 232.116(1)(g). This ground was ultimately relied on by the juvenile court to terminate the parental rights of this father.

As the appellant D.E.J. points out, our scope of review is abuse of discretion. *B & B Asphalt Co., Inc. v. T.S. McShane & Co., Inc.*, 242 N.W.2d 279 (Iowa 1976). "Leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires." Iowa R.Civ.P. 88. Although such amendments should be permitted with "liberality," such "liberality has limits." *Brown v. Guiter*, 256 Iowa 671, 672, 128 N.W.2d 896, 899 (1964). Allowance of leave to amend to conform to the proof is largely in the discretion of the trial court. *B & B Asphalt*, 242 N.W.2d at 284.

The amendment was made at about midtrial. It took place during the direct examination of Kathleen McDonnell. The record was yet opened. Cross-examination of Ms. McDonnell had not yet taken place. Several witnesses were called by the State after Ms. McDonnell. D.E.J. had not yet testified. He gave testimony during the course of the trial.

Under section 232.116(1)(g), the court may terminate parental rights if it finds all of the following have occurred: (1) the child is three years of age or younger; (2) the child has been adjudicated a CINA; (3) the custody of the child has been transferred from the child's parents for placement; (4) there is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

It is undisputed that occurrences 1, 2, and 3 have taken place. The record prior to the amendment substantiates this. It is equally clear that element number 4 has been satisfied. Proof as to that came with the record both before and after the amendment. The father was permitted to testify concerning the subject matter of element 4. In this respect, the evidence is uncontroverted the child could not be returned to the father as of the termination hearing due to his continued incarceration. The father himself admitted he would be in

a work-release program for at least three months to possibly six months.

I conclude the juvenile court properly exercised its discretion, after hearing the evidence, in amending the grounds for terminating D.E.J.'s parental rights to include Iowa Code section 232.116(1)(g). The amendment does conform to actual proof.

As it relates to amending to conform to the proof, Iowa Rule of Civil Procedure 106 provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and *shall do so freely when the presentation of the merits of the action will be subserved thereby* and the objecting party fails to satisfy the court that the admission of such evidence would prejudice that party in maintaining the action or defense upon the merits. *The court may grant a continuance to the objecting party to meet such evidence.*[1] *(emphasis added).*

At the oral hearing, the question was raised as to whether the Iowa Rules of Civil Procedure applied in juvenile hearings. Rule 1 of those rules provides:

> These rules shall govern the practice and procedure in all courts of the state, except where they expressly provide otherwise, or statutes not affected hereby provide different procedure in particular courts or cases.

Keeping these rules of civil procedure in mind, we look to the Iowa Code for guidance regarding the judicial proceedings in juvenile termination cases. In reviewing these rules, we find nothing which would suggest the Iowa Rules of Civil Procedure should not govern these proceedings. Quite to the contrary, section 232.96(3) suggests the rules of evidence are applicable to juvenile proceedings. It would seem logical that since the Iowa Rules of Evidence are applicable, so too the State's civil procedure rules would also be applicable.

I, of course, agree with the majority that the parent-child relationship is constitutionally protected. *Quilloin v. Walcott*, 434 U.S. 246, 255, 98 S.Ct. 549, 554–55, 54 L.Ed.2d 511, 519 (1978); *Wisconsin v. Yoder*, 406 U.S. 205, 233, 92 S.Ct. 1526, 1542, 32 L.Ed.2d 15, 35 (1972). The State must meet due process requirements in a termination of parental rights procedure. *See Santosky v. Kramer*, 455 U.S. 745, 753–54, 102 S.Ct. 1388, 1394–95, 71 L.Ed.2d 599, 606 (1982). As the majority points out, due process requires sufficient notice of the complaint against the parent and of the time of the hearing.

The father had notice of the hearing and appeared in court. I would agree with the majority that if the decree terminating the parental right was by default, it would have to be vacated for it was on a ground other than that pled. Under that circumstance, there would be a denial of due process.

But here, it is not so much a question of whether the father is entitled to due process of law. Unquestionably he is. The real question is what processes of law he is entitled to. *See Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972). Here, he was lawfully under the jurisdiction of the court. He entered an appearance and appeared by counsel. I believe the due process of law that he is entitled to was then satisfied.

I note the father's attorney was given oral notice on July 27 that the State would likely seek such an amendment. When the amendment was granted on July 30, D.E.J. did not request a continuance. Additionally, D.E.J. made no showing of possible evidence available to contradict the fact he had no home for D.D. at that time nor in

---

1. A request for a continuance for additional time was not made by the interested party.

the future. D.E.J. would lead this court to believe that if any earlier amendment had been made, he could somehow or other have gotten an earlier release. This is purely speculation, especially in light of the record indicating he had been seeking the earliest release possible for months, as are most incarcerated persons.

A party may always request a continuance to meet any new evidence or questions raised by an amendment. This would have been the proper procedure for the father in this case. He chose not to request a continuance. He may not now complain he did not have time to prepare, when he bypassed his opportunity to request such an opportunity.

I am concerned the majority opinion may be interpreted to mean amendments are never allowed in parental rights termination case. I emphasize that no where in the majority opinion is this proposition enunciated. Nor do I believe such a position is legally viable.

The juvenile court properly exercised its discretion, after hearing the evidence, in amending the grounds for terminating D.E.J.'s parental rights to include Iowa Code section 232.116(1)(g) (1989 Supp.). Such an amendment does conform to the actual proof in this case and serves to protect the best interests of the child.

The question is whether the trial court abused its discretion in permitting an amendment. I do not believe that it abused that discretion. I would affirm on this issue.