**IN THE COURT OF APPEALS OF IOWA**

No. 14-2087
Filed March 25, 2015

**IN THE INTEREST OF B.B.,**
       **Minor Child,**

**J.B., Mother,**
       Appellant.

_____

       Appeal from the Iowa District Court for Cerro Gordo County, Annette L.

Boehlje, District Associate Judge.

       A mother appeals the termination of her parental rights.  **REVERSED.**

       Travis M. Armbrust of Brown, Kinsey, Funkhouser & Lander, P.L.C.,

Mason City, for appellant.

       Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney

General, Carlyle D. Dalen, County Attorney, and Nichole Benes, Assistant

County Attorney, for appellee.

       Mark A. Young, Mason City, attorney and guardian ad litem for minor

child.

       Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

A mother appeals the termination of her parental rights under Iowa Code section 232.116(1)(f) (2013). She argues the district court violated her due process rights by allowing the State to amend its petition at the termination hearing. The mother also alleges the State failed to prove by clear and convincing evidence that returning her daughter, B.B., to her care would have resulted in harm. She also argues termination was not in B.B.'s best interest and termination would be detrimental to B.B. given their bond. Finally, the mother appeals the removal of the child from the father's custody.

We conclude the State's amendment of its petition to substitute a new ground for termination during the hearing, over the mother's objection, violated the mother's due process rights. Accordingly, we reverse the order terminating her parental rights.

## I.  Background Facts and Proceedings

B.B. was eight years old at the time of the termination hearing. The family first came to the attention of the Iowa Department of Human Services (DHS) in late 2012 following reports that Joleen was using methamphetamine while caring for B.B. and an older daughter. Joleen admitted using methamphetamine. The parties stipulated B.B. should be adjudicated as a child in need of assistance (CINA) on January 31, 2013, under Iowa Code section 232.2(6)(c)(2) based on Joleen's drug use.

At a contested hearing, the juvenile court ordered B.B.'s removal from Joleen's custody in March 2013 after Joleen failed to engage in treatment or

participate in services. The court granted custody to B.B.'s father and allowed Joleen supervised visitation. On April 2, 2013, following a dispositional hearing, the court ordered custody of B.B. to remain with her father and provided visitation between Joleen and B.B would be at DHS discretion. The order stated: "[The father] may supervise visitation between [B.B.] and Joleen. IDHS shall have discretion to modify placement between B.B.'s parents." The court also ordered Joleen to continue random drug testing.

Joleen's attendance at drug testing and visitation was sporadic. DHS also believed Joleen was having unsupervised visitation with B.B. despite the court order directing her visits with B.B. to be supervised. The court issued an order on September 18, 2014, that read: "If [the father] allows [B.B.] into Joleen's care unsupervised, then she will be removed from his care." The court removed B.B. from the father's custody on September 20, 2014, for violating that order. The State filed its petition to terminate Joleen's parental rights on September 26, 2014.

Following B.B.'s removal from the father's custody, Joleen began to deal with her substance abuse issues. In October 2014, Joleen entered in-patient treatment, though she stayed only four days. But Joleen did complete extended outpatient treatment.

The juvenile court held the termination hearing on December 1, 2014, and issued its order terminating Joleen's parental rights on December 2, 2014. Joleen challenges that order in her petition on appeal.

We review proceedings terminating parental rights de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). Likewise, where constitutional rights are implicated, our review is de novo. *In re R.B.*, 832 N.W.2d 375, 378 (Iowa Ct. App. 2013).

In its petition to terminate Joleen's parental rights, the State alleged clear and convincing evidence existed to support three grounds—Iowa Code sections 232.116(1)(a), (h), and (*l*). At the termination hearing, following the testimony of the State's first witness, B.B.'s guardian ad litem asked to go off the record for a moment. When the parties came back on the record, the State moved to "amend the petition to allege subsections E and F instead of the listed petition allegations." Joleen's attorney objected citing his client's "due process rights to prepare for a hearing." The attorney argued: "We can't simply show up and then have the bases changed. . . . [W]e prepared based on the petition which has been sitting there for . . . well over a month . . . ."

The district court allowed the State to amend the petition to substitute paragraph (f) to replace the three original paragraphs alleged. The court took the motion to add paragraph (e) under advisement. The district court terminated Joleen's parental rights under paragraph (f) and did not rule on paragraph (e) or any of the grounds originally alleged in the petition.

Joleen argues the district court violated her due process rights by allowing the State to amend the termination petition after the termination hearing had begun. She argues amending the petition did not allow her to fully prepare for the hearing, because the elements are different from those originally pled.

The State argues the mother was aware of the elements of the amended petition as paragraphs (h) and (f) are similar and focus on the ability to return the child to the parent at the time of the hearing. Like the district court, the State argues the mother knew B.B.'s age and the time the child had been out of her custody. Therefore, the only issue in dispute was whether B.B. could be returned to Joleen at the time of the hearing, which is the same in both (f) and (h). In support of this argument, the State cites an unpublished case from this court, *In re J.J.*, No. 13-0892, 2013 WL 4009747, at *5 (Iowa Ct. App. Aug. 7, 2013). In that case, our court found the constitutional rights of a parent were not violated when the juvenile court allowed the State to amend its petition to add paragraph (f), because the parent already had notice of the "return to custody" element of (f) as (h) was already cited in the petition as it related to a different child. *Id.*

As we noted in *J.J.*, our court has long held a parent's due process rights are violated when the State is allowed to amend the termination petition during the hearing when the parent has had no prior notice of the ground under which termination was later found. *Id.* (citing *In re D.E.D.*, 476 N.W.2d 737, 739-40 (Iowa Ct. App. 1991) *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 38–39 (Iowa 2010)).

The parent-child relationship is constitutionally protected under both the federal and state constitutions. *See In re A.M.H.*, 516 N.W.2d 867, 870 (Iowa 1994). Termination proceedings must meet the standards of the Due Process Clause. *Id.* This includes sufficient notice of the termination grounds against the

parent. *See D.E.D.*, 476 N.W.2d at 739. *J.J.* distinguishes *D.E.D.* on the parent's prior notice of the elements of subsection (f) before the amendment. 2013 WL 4009747, at *5.

The instant case is controlled by *D.E.D.* While it is true paragraphs (f)[1] and (h)[2] are similar, they present distinct grounds under which termination can be found. Paragraph (h) only applies to children under the age of four. B.B. was eight years old at the time of the termination hearing and six years old at the time of the CINA adjudication. Therefore, at no time during the proceedings would (h) have applied to B.B. Unlike *In re J.J.*, Joleen had no notice she would have to defend against the "return to custody" element found in (f), because she could have simply challenged (h) on the age element. In fact, of the three grounds

---

[1] Iowa Code section 232.116(1)(f) reads:
> The court finds that all of the following have occurred:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

[2] Iowa Code section 232.116(1)(h) states:
> The court finds that all of the following have occurred:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

alleged in the State's petition, none was appropriate or could have been proved by clear and convincing evidence. The State also alleged Joleen had voluntarily and intelligently consented to termination under section 232.116(1)(a). But she was contesting termination; several contested hearings had been held since the court adjudicated B.B. as CINA in 2013. Finally, the State alleged section 232.116(1)(*l*), but used statutory language no longer in effect. *See In re G.B.*, No. 14-1516, 2014 WL 6682456, at *3-4 (Iowa Ct. App. Nov. 26, 2014) (holding State is required to prove and the court is required to find grounds under the current language).

Termination of parental rights should not be a bait-and-switch proposition, where a parent prepares a defense against one set of allegations and at the hearing, over her objection, the State moves forward with a different ground for termination. Due process requires Joleen to have notice of the grounds under which termination was eventually decreed. *See D.E.D.*, 476 N.W.2d at 740. While Joleen knew the age of her child, she did not have notice the State intended to terminate under subsection (f) until the hearing. If the State is unable to prove any of the elements of a statutory ground, the court cannot approve termination on that basis. Joleen could have expected the court to deny termination under subsection (h) based on B.B.'s age and may not have properly prepared on the element of the present ability of B.B. to be returned home. In this case, Joleen's trial preparation was hindered by the significantly flawed original petition. Therefore, we reverse the termination of Joleen's parental

rights. Because of the due process violation, we need not discuss the other issues raised in her appeal.

**REVERSED.**