**IN THE COURT OF APPEALS OF IOWA**

No. 19-0323
Filed May 31, 2019

**IN THE INTEREST OF A.B. and A.B.,**
**Minor Children,**

**M.Z., Mother,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Webster County, Kurt J. Stoebe,

Judge.


　　　　A mother appeals the juvenile court order terminating her parental rights.

**AFFIRMED.**



　　　　Douglas Cook of Cook Law Firm, Jewell, for appellant mother.

　　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

　　　　Sarah J. Livingston of Thatcher, Tofilon & Livingston, P.L.C., Fort Dodge,

attorney and guardian ad litem for minor children.



　　　　Considered by Vogel, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find there is sufficient evidence in the record to support termination of the mother's parental rights. It is not in the children's best interests to give the mother additional time to work on reunification. Termination of the mother's rights is in the children's best interests. Although the father's rights could not be terminated at the time of the termination hearing because he had not received adequate notice, the court could proceed with termination of the mother's rights. We affirm the decision of the juvenile court.

## I.    Background Facts & Proceedings

M.B., mother, and A.Y.B., father, are the parents of A.B., born in 2008, and A.B., born in 2010.[1] In June 2016, the family came to the attention of the Iowa Department of Human Services (DHS) due to allegations the mother was using methamphetamine while caring for the children. On August 25, the juvenile court determined the children were in need of assistance (CINA) under Iowa Code section 232.2(6)(c)(2) and (n) (2016). The children were removed from the mother's care and placed in foster care.

In September, the mother entered a substance-abuse treatment program and the children were placed there with her. She completed the program in December. After leaving the program the mother quickly relapsed, testing positive for methamphetamine, amphetamines, and ecstasy. The mother reentered the

---

[1] The mother had another child, A.Z., in April 2017. Her parental rights to this child were terminated and the termination was affirmed on appeal. *See In re A.Z.*, No. 18-1420, 2018 WL 4909831, at *3 (Iowa Ct. App. Oct. 10, 2018).

substance-abuse treatment program and the children went with her. The mother completed the program in June 2017. She and the children moved in with the maternal grandfather. Custody was formally returned to the mother in August.

By late 2017, concerns arose the mother had again relapsed by using illegal substances. On December 2, the mother was arrested for harboring a fugitive in her home.[2] The children were removed from her care on December 7 and placed in foster care. In January 2018, the mother tested positive for methamphetamine and amphetamines. She entered a new substance-abuse treatment program. While in treatment, she was diagnosed with bipolar disorder, major depressive disorder, and generalized anxiety disorder. She was inconsistent in addressing her mental-health problems. After graduating from the substance-abuse program in February, the mother tested positive for methamphetamine in March. On April 2, the juvenile court entered an order giving the mother an additional six months to work on reunification.

The mother received a recommendation to attend an intensive outpatient program for her substance-abuse and mental-health problems. She was unsuccessfully discharged from the program due to sporadic attendance. The mother tested positive for marijuana in May and also missed several drug tests. Furthermore, the mother was missing about forty percent of her visits with the children. She was dishonest with service workers and not cooperative with services.

---

[2] The mother later pled guilty to being an accessory to a misdemeanor and was required to pay a fine.

On October 3, the State filed a petition seeking to terminate the parents' rights. The mother entered another substance-abuse treatment program in October and was unsuccessfully discharged in December. The father's whereabouts were unknown to DHS and he was served by publication for the CINA and termination cases. In February 2019, the father filed a motion seeking to vacate the CINA proceedings and dismiss the termination proceedings because he had not been given sufficient notice.

The juvenile court terminated the mother's parental rights pursuant to section 232.116(1)(f) and (*l*) (2018). The court found the mother "has made no significant progress in her substance treatment or mental health treatment since the initiation of this case." The court also found, "Since the children's removal, [the mother's] cooperation with DHS, this Court, and other service providers has been abysmal." The court determined termination of the mother's parental rights was in the children's best interests and none of the exceptions in section 232.116(3) were applicable. The court concluded the father's parental rights should not be terminated because the State had not adequately provided him with notice of the proceeding. The court found, "The State also failed to comply with the requirement for service by publication because of its failure to provide evidence of a diligent search."[3] The mother now appeals the termination of her parental rights.

## II.    Standard of Review

We review de novo the termination of parental rights. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "There must be clear and convincing evidence of the

---

[3] The court ordered the State to give notice to the father of the CINA proceedings and stated an adjudicatory hearing on the CINA petition would be held.

grounds for termination of parental rights." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). Where there is clear and convincing evidence, "there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (citation omitted). The paramount concern in termination proceedings is the best interest of the children. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

### III.     Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support termination of her parental rights. "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). We will focus on the termination of the mother's rights under section 232.116(1)(f).

The mother disputes the fourth factor under section 232.116(1)(f) and states the children could be returned to her care immediately. She states she has maintained stable housing, obtained employment, and has the financial ability to care for the children. The mother points out the children were formally returned to her care in August 2017 and states this shows she could successfully care for them.

Evidence of a parent's past performance "may be indicative of the quality of the future care that parent is capable of providing." *A.B.*, 815 N.W.2d at 778. Although the children were returned to the mother's care in August 2017, they were removed again in December 2017. The mother was not honest with service providers during the time the children were in her care and later admitted she had

been using controlled substances. The evidence of the mother's past performance shows it is unlikely she would be able to care for the children successfully in the future. Furthermore, the mother has not adequately addressed her substance-abuse and mental-health problems. We conclude the children could not be safely returned to the mother's care and her parental rights were properly terminated under section 232.116(1)(f).

## IV.    Additional Time

In an alternative argument, the mother states even if the children could not be returned to her care immediately, they could be returned to her care in the near future. She asks for an additional six months to work on reunification with the children.

We note the mother has already been given additional time, as the juvenile court entered an order on April 2, 2018, giving the mother an additional six months for work on reunification. In addition, we agree with the juvenile court's finding in the termination order, "The Court does not find that an additional six months for [the mother] to meet the goals which have been set for months would be in the best interests of the children." The mother has not made significant progress from when DHS became involved in June 2016. We find it is not in the children's best interests to further extend this case.

## V.    Best Interests

The mother claims termination of her parental rights is not in the children's best interests. In considering a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional

condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

We conclude termination of the mother's parental rights is in the children's best interests. The record shows the mother was not able to maintain sobriety outside of a structured setting. The juvenile court found, "In summary, [the mother's] actions demonstrate manifest defiance of this Court's order. She has falsified substance abuse tests. She has continued to use illegal substances. She has failed to comply with her treatment and testing." The court also found, "[The mother's] substance abuse and mental condition, when untreated, renders her unable to safely care for the children. The case is replete with evidence of her failure to supervise and nurture the children when her substance and mental health is untreated." We agree with the juvenile court's findings.

## VI. Father's Case

Finally, the mother claims her parental rights should not be terminated because the father's parental rights were not terminated at the same time. She states, "the entire CINA proceedings and subsequent termination proceedings should be vacated and void as to all parties as the statutory requirements were not met" concerning notice to the father. The juvenile court found the State failed to meet the statutory requirements for serving notice of the CINA and termination proceedings to the father and, therefore, his rights could not be terminated at that time.

"[I]n termination of parental rights proceedings each parent's parental rights are separate adjudications, both factually and legally." *In re D.G.*, 704 N.W.2d 454, 459 (Iowa Ct. App. 2005). "[E]ach [parent] need[s] to advance their own reasons on appeal why, considering the juvenile court's findings regarding their individual strengths and weaknesses, their separate parental rights should not be terminated." *Id.* at 460. The juvenile court may decide to terminate the rights of one parent and not the rights of the other parent. *See In re D.E.D.*, 476 N.W.2d 737, 740 (Iowa Ct. App. 1991) (affirming the termination of a mother's parental rights but reversing and remanding as to the father, who had not received adequate notice of the grounds for termination), *overruled on other grounds by P.L.*, 778 N.W.2d at 39. We conclude the juvenile court could properly terminate the mother's parental rights, leaving the issue of the father's parental rights for another day.

We affirm the decision of the juvenile court.

**AFFIRMED.**