# IN THE COURT OF APPEALS OF IOWA

No. 19-1995
Filed March 4, 2020

**IN THE INTEREST OF R.B.,**
**Minor Child,**

**B.D., Mother,**
  Appellant.

_____

Appeal from the Iowa District Court for Fayette County, Linnea M.N. Nichol, District Associate Judge.

A mother appeals the termination of her parental rights concerning her daughter. **AFFIRMED.**

Nicholas E. Hay of Hay Law, P.L.C., Decorah, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Andrew Thalacker, Waterloo, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

R.B. is a one-year-old female child who was born in July 2018 with methamphetamine and amphetamine in her system. Following thirteen months of reunification services provided by the Iowa Department of Human Services (DHS), the district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) (2019).[1] The mother's appeal follows.

## I. Standard of Review

We review termination-of-parental-rights actions de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Although we are not bound by them, we give weight to the trial court's findings of fact, especially when considering credibility of witnesses. Iowa R. App. P. 6.904(3)(g); *In re M.M.S.,* 502 N.W.2d 4, 5 (Iowa 1993). The primary interest in termination proceedings is the best interests of the child. Iowa R. App. P. 6.904(3)(o); *In re R.K.B.,* 572 N.W.2d 600, 601 (Iowa 1998); *In re Dameron,* 306 N.W.2d 743, 745 (Iowa 1981).

## II. Background Facts and Prior Proceedings

R.B. came to the attention of DHS on August 2, 2018, when they received the results of newborn R.B.'s umbilical-cord test, which was positive for methamphetamine and amphetamine. A safety plan was implemented by DHS, and newborn R.B. was allowed to remain in her mother's custody based on the mother's representation that she had not used methamphetamine since March 2018. Results of a hair stat test for the mother received on August 15 were inconsistent with the mother's last reported use, and DHS requested a removal of

---

[1] The father's parental rights were also terminated. He does not appeal.

R.B. R.B. was removed from parental custody on August 15, 2018, and has remained out of parental custody since that time. There has not been a trial period at home.

Following removal, R.B. was placed in relative care. The mother was allowed to reside with the relatives and R.B. provided she complied with the safety plan. As a result of another positive drug screen and an argument with the relative placement, the relatives requested that R.B. be removed from their home. R.B., then five-months old, was placed in family foster care and has remained in this same foster home since January 2019.[2]

R.B. was adjudicated to be a child in need of assistance on September 20, 2018. Her child-in-need-of-assistance status was confirmed in a dispositional hearing order of October 26, 2018. A permanency hearing was held on March 22, 2019, wherein the district court ordered that the State initiate termination proceedings. On that same date, the State filed a petition for termination of parental rights. While the termination hearing was originally scheduled for May 31, the hearing was continued on four separate occasions and ultimately took place on September 6.

The mother inconsistently participated in random drug testing as requested by DHS. However, as noted by the district court, the mother "consistently tested positive for methamphetamine." The mother provided positive drug screens in July, August, September, and November 2018, and January, February, April, and

---

[2] R.B. has two siblings who are separately placed outside of the mother's custody. Neither sibling was subject to the underlying child-in-need-of-assistance proceeding nor this termination proceeding.

August 2019. The most recent positive hair stat test for the mother was August 28, 2019, just over a week prior to the termination hearing.

The mother also struggled to separate from R.B.'s father, in spite of repeated instances of domestic violence. On one occasion, the mother reported she was assaulted on July 26, 2019, with R.B.'s father pulling her into his house by her hair and striking her on the head. Less than three weeks later, she and the father met with a worker from DHS. The mother indicated they were a couple presenting a "united front." Just prior to this joint meeting with DHS, the father was arrested for felony-level domestic violence against his sister. R.B.'s mother testified at the termination hearing she did not believe she would survive several of the domestic violence assaults perpetrated by R.B.'s father. Despite that recognition, she has been unable to end this tumultuous relationship.

## III. Analysis

The mother does not contest that the statutory elements of section 232.116(1)(h) were proved. She argues the district court erred in finding an additional period of time would not correct the situation that led to the adjudication and removal of R.B., termination is not in the child's best interest under section 232.116(2), and section 232.116(3)(c) should prevent termination. Because the mother does not contest the statutory grounds of section 232.116(1)(h), we affirm the district court's findings as to the ground supporting termination. We will address the mother's arguments in turn.

### A. Additional-Time Request

In order to grant a six-month extension, the court must be able to "enumerate the specific factors, conditions, or expected behavioral changes"

providing a basis to determine the children will be able to return to the parent at the end of the additional six months. Iowa Code § 232.104(2)(b). The court needs evidence to support a finding the mother would be able to care for R.B. within six months in order to grant an extension. "The judge considering [a six-month extension] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005) (citation omitted).

Following the entry of the removal order, the family was provided family safety, risk, and permanency services; substance-abuse evaluations; assistance in complying with recommendations of the substance-abuse evaluations; random drug testing, individual mental-health counseling; transportation; relative placement; a family team meeting; visitation; referral to domestic violence advocacy agencies; and housing referral assistance.

The mother received a de facto four-month extension by way of the continuation of the termination hearing on four occasions. Despite that additional time, the mother testified positive for methamphetamine only a week prior to the September 2019 termination hearing. Her consistent participation in outpatient substance-abuse treatment began just weeks prior to the termination hearing. R.B. has been out of parental custody her entire life with the exception of sixteen short days following her birth. The mother was provided thirteen months to take steps toward reunification and failed to make use of the services offered. She has maintained a relationship with R.B.'s father, a relationship that is dangerous to both her daughter and to herself. The mother's ongoing positive drug screens, her

inability to separate from R.B.'s father, and the length of time R.B. has been out of parental custody all weigh against finding another six months would eliminate the need for the removal. *See id.* at 93. We find a six-month extension is not warranted.

**B. Best Interest of R.B.**

The child affected by these proceedings has been has been out of parental custody for over a year. She is very young. Her mother has been unable to address the issues that brought the child to the attention of DHS and the district court, namely substance abuse, domestic violence, and safe housing. The child has been placed in a pre-adoptive home and is bonded to that family.

Though provided appropriate time and opportunities, the mother failed to show progress. The record reflects repeated positive drug screens and a continued unhealthy and unsafe relationship with R.B.'s father. At the time of the termination hearing, she was without appropriate housing. We affirm the district court's finding that termination is in R.B.'s best interest. *See* Iowa Code § 232.116(2).

**C. Permissive Exceptions**

Under Iowa Code section 232.116(3), a termination, otherwise warranted, may be avoided under the exceptions in this section. *In re D.E.D.,* 476 N.W.2d 737, 738 (Iowa Ct. App. 1991). The factors under section 232.116(3) have been interpreted by the courts as being permissive, not mandatory. *In re C.L.H.*, 500 N.W.2d 449, 454 (Iowa Ct. App. 1993). The words "need not terminate" are clearly permissive. *Id.* The court has discretion, based on the unique circumstances of

each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship. *Id.*

After a careful review of the record, we also agree with the district court that the exception argued by the mother in section 232.116(3)(c) should not preclude termination in this case. The mother contends her parental rights should not be terminated because she has a bond with her daughter. We do not question the bond between the mother and R.B., which was described by the family's care coordinator as "very strong." However, based on the mother's testimony, she remains at an indecisive stage with respect to her sobriety and the relationship she has with R.B.'s father, and, as such, we do not find that termination would be detrimental to R.B. because of the closeness of the parent-child relationship. Over a year has passed with none of the critical barriers to reunification successfully overcome by the mother. Bearing in mind that our primary concern must remain what is in R.B.'s best interest, we agree with the district court's decision in declining to utilize an exception to termination pursuant to Iowa Code Section 232.116(3).[3]

---

[3] Under section 232.116(3), the court need not terminate the relationship between the parent and child if the court finds any of the following:

a. A relative has legal custody of the child.

b. The child is over ten years of age and objects to the termination.

c. There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.

d. It is necessary to place the child in a hospital, facility, or institution for care and treatment and the continuation of the parent-child relationship is not preventing a permanent family placement for the child.

e. The absence of a parent is due to the parent's admission or commitment to any institution, hospital, or health facility or due to active service in the state or federal armed forces.

**IV. Conclusion**

We agree with the district court that a six-month extension was not warranted based on the lack of progress by the mother. We further agree that termination is in R.B.'s best interest and there is a lack of evidence to show that termination should not occur due to the existence of a permissive exception set forth in Iowa Code section 232.116(3). Accordingly, we affirm.

**AFFIRMED.**