# IN THE COURT OF APPEALS OF IOWA

No. 19-1444
Filed April 1, 2020

**IN THE INTEREST OF C.S.,**
**Minor Child,**

**T.S., Father,**
         Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A father appeals the termination of his parental rights. **REVERSED.**

Eric J. Dale, Clinton, (until withdrawal) and Neill A. Kroeger, Le Claire, for appellant father.

Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant Attorney General, for appellee State.

Barbara Maness, Davenport, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ. Tabor, J., takes no part.

**MAY, Judge.**

A father appeals the termination of his parental rights to his child, C.S. In May 2017, the Iowa Department of Human Services (DHS) became involved with the family due to the parents' substance-abuse and domestic-violence issues. C.S. was removed from the parents' care after her hair tested positive for marijuana. In November, the juvenile court found the father had progressed enough to allow C.S. to be returned to his care. But C.S. was removed again after the father committed domestic violence against his parents. The juvenile court later terminated the father's parental rights.[1] He appeals.

We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citing *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

The father only argument on appeal is that grounds for termination were not established. The State's petition alleged multiple grounds for termination, including Iowa Code section 232.116(1)(a), (b), (d), (e), (h), and (i) (2019). Nevertheless, in terminating the father's rights, the juvenile court only relied on section 232.116(1)(d).[2] So we focus on it.

---

[1] The mother ultimately consented to termination of her rights to C.S.

[2] The State suggests we may also affirm pursuant to section 232.116(1)(f). We decline to do so. Paragraph (f) was neither pled by the State nor mentioned in the termination order. *Cf. In re D.E.D.*, 476 N.W.2d 737, 739 (Iowa Ct. App. 1991) (due process was not satisfied when the trial court allowed the State to interject a new ground for termination of parental rights during the trial), *overruled on other grounds by P.L.*, 778 N.W.2d at 40–41.

Our interpretation of section 232.116(1)(d) is governed by traditional principles. We begin with the understanding that "[i]t is not the function of courts to legislate." *Hansen v. Haugh*, 149 N.W.2d 169, 241 (Iowa 1967). We "are constitutionally prohibited from doing so." *Id.* (citing Iowa Const. art. III., § 1). Instead, "[i]t is our duty to accept the law as the legislative body enacts it." *Holland v. State*, 115 N.W.2d 161, 164 (Iowa 1962). So we apply each "statute as it is written." *Moss v. Williams*, 133 N.W. 120, 121 (Iowa 1911). We find a statute's meaning in the "text of the statute," the "words chosen by the legislature." *State v. Childs*, 898 N.W.2d 177, 184 (Iowa 2017) (citation omitted).

Through the words of section 232.116(1)(d), the legislature authorized the juvenile court to terminate a parent's rights if two conditions are met:

> (1) The court has previously adjudicated the child to a child in need of assistance after finding the child to have been *physically or sexually abused or neglected as the result of the acts or omissions of one or both parents*, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.
> (2) Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.

(Emphasis added.) Additionally, the legislature defined "'[p]hysical abuse or neglect' or 'abuse or neglect'" to mean "any nonaccidental physical injury suffered by a child as the result of the acts or omissions of the child's parent, guardian, or custodian or other person legally responsible for the child." Iowa Code § 232.2(42).

Following our de novo review, we conclude the requirements of section 232.116(1)(d) have not been met. *See T.S.*, 868 N.W.2d at 431. There were no

findings of "nonaccidental physical injury" in the child in need of assistance (CINA) adjudication order or in the termination order. But the State argues this requirement was satisfied because C.S. tested positive for marijuana in March 2017. Of course, we find this enormously concerning. Still the State has not pointed out, and we have not found, clear and convincing evidence as to how or when marijuana entered C.S.'s body. More specifically, we find no clear and convincing evidence that the positive test was "the result of the acts or omissions of one or both parents," as required by the plain text of section 232.116(1)(d).

So we conclude the State has failed to meet its burden of proving grounds for termination. *See In re A.R.*, No. 14-1204, 2015 WL 800075, at *3 (Iowa Ct. App. Feb. 25, 2015) ("In the absence of a CINA determination that satisfies [section 232.116(1)(d)(1)], we have no indication of statutorily authorized circumstances which require correction under (d)(2)."). We therefore reverse the juvenile court's order terminating the father's parental rights.

**REVERSED.**